**BLASKE et al. v. BASSETT, Deputy Com'r of Employees' Compensation Commission et al.**

No. 397.

District Court, E. D. Missouri, E. D.

June 29, 1940.

Verlie, Eastman & Schlafly and J. F. Schlafly, Jr., all of Alton, Ill., for plaintiffs.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo., and Russell Vandivort, Asst. U. S. Atty., of St. Louis, Mo., for defendant Harry W. Bassett.

Manuel M. Wiseman, Green & Hoagland, and Emerson Baetz, all of Alton, Ill., for defendant Mrs. Emma (Charles) Hunter.

DAVIS, District Judge.

### Findings of Fact

1. Plaintiff Hugh C. Blaske is an individual doing business as Blaske Boat & Barge Company, and plaintiff Utilities Insurance Company, a corporation, is the insurance carrier for said Blaske Boat & Barge Company under the provisions of the Longshoremen's and Harbor Workers' Act. Defendant Harry W. Bassett is Deputy Commissioner for the tenth compensation district of the United States Employees' Compensation Commission, and defendant Emma (Mrs. Charles) Hunter is the dependent mother of one Samuel J. St. Clair, who was drowned on the Missouri side of the Mississippi River while in the employ of plaintiff Blaske Boat & Barge Company. Plaintiffs bring this action to enjoin and set aside as not in accordance with law an order or award for the payment of compensation to defendant Hunter made by defendant Bassett as such Deputy Commissioner on January 15, 1940 in Case No. 3103—1, purported to be made by virtue of authority conferred upon said Deputy

Commissioner by the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950.

2. Said order of defendant Bassett was made upon a claim for compensation filed by defendant Emma (Mrs. Charles) Hunter under the provisions of said Compensation Act, and upon an answer filed by plaintiffs in said proceedings; hearings thereon were held before defendant Bassett on November 14, 1938 and December 7, 1939. Filed with said order were the following Findings of Fact: "That on the 1st day of August, 1938, the deceased employee herein was in the employ of the Blaske Boat & Barge Yards, employer above named, at Alton, in the State of Illinois in the Tenth Compensation District, established under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, and that the liability of the employer for compensation under said Act was insured by the Utilities Insurance Company; that on said day the deceased employee herein, while performing services for the employer upon the navigable waters of the United States sustained personal injury resulting in his death while he was employed as laborer on board the vessel Floyd H. Blaske which was afloat on the Mississippi River near Winfield Missouri; that while so employed, the deceased employee herein was wheeling coal from the head of the boat to the coal bunker by wheelbarrow loads and fell overboard and drowned before he could be assisted; that notice of the death was not given within thirty days, but the employer had knowledge of the death and neither the employer nor insurance carrier have been prejudiced by failure to give notice; That the average annual earnings of the deceased employee amounted to the sum of $910.00; that the funeral expenses of the deceased employee amounted to the sum of $180.00, no part of which has been paid; that the deceased employee left surviving him a dependent mother, Emma (Mrs. Chas.) Hunter born November 9th, 1895; that compensation shall be paid to the claimant Emma Hunter (Mrs. Chas. Hunter) in amount of $4.37 per week beginning August 2nd, 1938; That the accrued compensation to date amounts to $332.12; covering a period of 76 weeks; That no compensation has been paid by the employer and insurance carrier; That the claimant's attorney has performed services in this proceeding of the reasonable value of $125.00 and is entitled to a lien against the compensation payable to the claimant for said sum."

3. That the duties of deceased on the vessel Floyd H. Blaske were primarily those of a common laborer, including the tasks of wheeling and shovelling coal, scrubbing and cleaning the boat and performing such other laboring jobs as might be assigned to him; that in addition the deceased would help handle the boat's lines in making landings and work with the lines when the boat was passing through locks; that deceased slept and ate on the boat during trips; but when the boat was not making trips deceased usually performed laboring jobs such as scrubbing, cleaning or painting on the boat or in the yard, on which occasions deceased roomed and boarded off the vessel, and at his own expense; that on the average deceased worked on the boat on the river about three weeks during the month; that when deceased was not working on the boat he was paid a different wage scale from that in force while he was on the vessel.

4. The Court finds that there was evidence introduced at the hearing before defendant Bassett that the duties of deceased on the said vessel were those of a laborer, being the sort of work performed by longshoremen and harbor workers, and being distinguished from the duties of those employees on a vessel who are naturally and primarily on board to aid in the navigation of the boat; that deceased was not a member of the crew of said vessel.

5. The Court finds that the Findings of Fact made by defendant Bassett on January 15, 1940, in cause No. 3103—1 were supported by the evidence introduced in said cause.

### Conclusions of Law

1. There being substantial evidence at the hearing before the Deputy Commissioner that deceased was a laborer under the Longshoremen's and Harbor Workers' Act, as distinguished from a member of the crew of said vessel (South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732), the finding by said Commissioner to that effect is binding upon this Court.

2. That plaintiffs herein are not entitled to the injunctive relief sought in their complaint.

3. That the temporary injunction heretofore issued in this cause should be dissolved, and the complaint dismissed.

An order accordingly may be tendered.